IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MURRAY, a/k/a
JAMES HINES,

      Plaintiff     :     CIVIL NO. 3:CV-11-2236

  v.

                          (Judge Conaboy)

B. CHAMBERS,

      Defendants

FILED
SCRANTON
APR 24 2012
PER ___
DEPUTY CLERK

## MEMORANDUM

### Background

James Murray, a/k/a James Hines, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se civil rights action seeking declaratory and injunctive relief. Named as Defendants are USP-Lewisburg Disciplinary Hearing Officer (DHO) B. Chambers and the Federal Bureau of Prisons (BOP). Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2.

Plaintiff has also submitted motions requesting that: this Court's disposition of the screening of the Complaint be set forth in a published opinion (Doc. 4); his action be certified as a class action (Doc. 5); he be allowed to supplement the record (Doc. 6); counsel be appointed to represent him; (Doc. 7); and that any important questions of law be certified to the United States Court

1

of Appeals (Doc. 10).

According to the Complaint and accompanying exhibits, on January 28, 2011 a search of Plaintiff's cell resulted in discovery of a homemade screwdriver and two razor blades. As a result, Plaintiff and his cell mate were each issued institutional misconducts similarly charging each of them with possession of both a weapon and a hazardous tool. DHO Chambers presided at a hearing regarding the disciplinary charges against Murray. The Defendant found Plaintiff guilty of the charges noting that because both Plaintiff and his cell mate refused to accept responsibility for the screwdriver and razor blades, he would hold both inmates accountable since the contraband items were discovered in their cell. Plaintiff was given various sanctions by DHO Chambers including an aggregate loss of fifty-five (55) days of statutory good time.

Murray indicates that by basing the finding of guilt on a theory of constructive possession, DHO Chambers violated his constitutional rights as well as the Administrative Procedures Act (APA).[1] As relief, Murray asks that this Court issue a declaratory judgment recognizing that the application of the constructive possession principle by DHO Chambers was unconstitutional and also grant an injunction barring the application of the rule of

---

[1] The APA "makes reviewable any final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; Foehl v. United States, 238 F.3d 474, 477 n.3 (3d Cir. 2001).

constructive possession in his case as well as in any future institutional disciplinary proceedings.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Federal inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus action under 28 U.S.. § 2241. Preiser v. Rodriguez, 411 U.S. 475 (1975), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288

F.3d 532, 540 (3d Cir. 2002).

The United States Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. <u>Wolff</u> noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id</u>. at 556. Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. <u>Id</u>. at 563-71.

A subsequent Supreme Court decision, <u>Sandin v. Conner</u>, 515 U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in <u>Wolff</u> must be provided when the challenged disciplinary proceeding results in a loss of good time credits. <u>See also</u> <u>Young v. Kann</u>, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); <u>Griffin v. Spratt</u>, 969 F.2d 16, 19 (3d Cir. 1992). Murray's Complaint acknowledges that he was sanctioned by DHO Chambers to a loss of good time credits which has adversely affected the duration of his ongoing federal confinement. Since his pending claims against Defendant Chambers, if proven, would render the loss of good time credits imposed by Chambers invalid and thereby affect the duration of Murray's confinement, such claims should be raised via a properly filed habeas corpus petition.

4

Since Murray's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. However, Plaintiff may reassert his present claims in a properly filed habeas corpus petition.

Since the Court's disposition herein simply directs Murray to resubmit his claims in a habeas corpus action, Plaintiff's motions requesting that the Court's disposition of the screening of his action be set forth in a published opinion (Doc. 4) and his motion asking that any questions of law be certified to the United States Court of Appeals (Doc. 10) will be denied.

Second, because it is well settled that a pro se litigant such as Murray lacks the capacity to represent the interests of his fellow inmates in a class action, his motion requesting that this action be certified as a class action (Doc. 5) will be denied. See Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D.N.J. 1992); Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998)(non-attorneys cannot litigate the rights of others). Finally, in light of the dismissal of this action without prejudice, Plaintiff's motions for leave to supplement the record (Doc. 6) and appointment of counsel (Doc. 7) will be dismissed as moot.

Murray's present allegations clearly challenge the validity of institutional misconduct proceedings which adversely affected the

duration of his sentence and as such are more appropriate for federal habeas corpus review and not properly asserted in a civil rights action. See Thibodeau v. Watts, 2006 WL 89213 *2 (M.D. Pa. Jan. 11, 2006). Accordingly, Plaintiff's action will be dismissed without prejudice and he may reassert his present claims in a properly filed § 2241 action. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 24th, 2012